**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

                                  :
JARED ROSENBLATT,                 :   CIVIL ACTION NO. 08-6311 (MLC)
                                  :
     Plaintiff,                   :        O P I N I O N
                                  :
     v.                           :
                                  :
CITY OF NEW BRUNSWICK, et al.,    :
                                  :
     Defendants.                  :
                                  :
```

**THE COURT** notified the plaintiff that the Amended Complaint insofar as it is asserted against the defendants City of New Brunswick, New Brunswick Police Department, New Brunswick Police Director, New Brunswick Deputy Police Director, Police Officer Maimone, and Investigator Powers ("New Brunswick Defendants") would be dismissed pursuant to Federal Rule of Civil Procedure 4(m) on September 1, 2009, unless the plaintiff established that service has been effected upon them.  (Dkt. entry no. 8, 8-14-09 Order.)  The plaintiff has not responded to the Court's notice.  Thus, the Court will dismiss the Amended Complaint insofar as it is asserted against the New Brunswick Defendants.

**THE COURT** noted that the plaintiff does not appear to be prosecuting the action insofar as it has been brought against the defendant Andrew Weiss.  (Id.)  Weiss is the only defendant remaining here.  Using the last date that the plaintiff took any steps to prosecute the action — June 12, 2009, when a stipulation of dismissal was filed as to other defendants (dkt. entry no. 7,

6-12-09 Stip.) — the action will be pending for more than 120 days without the plaintiff having taken any proceedings as to Weiss, in effect, as of October 13, 2009.  The Court is authorized to dismiss the Amended Complaint insofar as it is asserted against Weiss unless good cause is shown for the lack of prosecution.  <u>See</u> L.Civ.R. 41.1(a); <u>see also</u> Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute). The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules.  <u>See</u> <u>Kabacinski v. Bostrom Seating</u>, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); <u>United States v. 11 Vehs., Their Equip. & Accessories</u>, 200 F.3d 203, 214 (3d Cir. 2000); <u>Taylor v. N.J. Lottery</u>, No. 05-5944, 2009 WL 1411492, at *2-*3 (D.N.J. May 19, 2009).  Thus, the Court will dismiss the Amended Complaint insofar as it is asserted against Weiss on October 14, 2009, unless before that date the plaintiff shows that there has been activity in the action insofar as it has been brought against Weiss.[1]  For good cause appearing, the Court will issue an appropriate order and judgment.

                                           s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge

Dated:  September 3, 2009

---

[1] The Court will balance the <u>Poulis</u> factors if necessary. <u>See</u> <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).